```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

RONNIE TURNER,                    §
     Petitioner,                  §
VS.                               §   CIVIL ACTION NO.4:05-CV-620-Y
                                  §
DEE ANDERSON, Sheriff,            §
Tarrant County, Texas,            §
     Respondent.                  §
```

ORDER ADOPTING, AS MODIFIED,
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

Before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 of petitioner Ronnie Turner, along with the December 16, 2005, findings, conclusions, and recommendation of the United States Magistrate Judge. The magistrate judge gave the parties until January 6 to file written objections to the findings, conclusions, and recommendation. The Court extended that deadline until January 27. As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case, and has reviewed for clear error the proposed findings, conclusions and recommendation of the United States Magistrate Judge filed on December 16, 2005. The magistrate judge recommended the petition be dismissed for lack of exhaustion. The Court concludes that the petition for writ of habeas corpus should be dismissed on that basis, although for different reasons than set forth in the magistrate judge's findings and conclusions:

> If this petition were considered under 28 U.S.C. § 2254, a statutory mandate regarding the exhaustion of all available state court remedies would apply. See 28 U.S.C. §§ 2254(b)(1)( A) and (c). Despite the absence of such a statutory requirement for petitions filed under 28 U.S.C. § 2241 by persons in custody pending state criminal proceedings, the courts have judicially crafted

an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court, either by trial on the merits or by other state procedures available to the petitioner. See Dickerson, 816 F.2d at 225 (citations omitted); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973); Brown v. Estelle, 530 F.2d 1280, 1284 (5th Cir.1976); and Clark v. Anderson, No.4:01-CV-723-Y, 2001 WL 1631538 at *3 (N.D.Tex. Dec. 14, 2001). The exhaustion doctrine applicable to § 2241(d)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. See Dickerson, 816 F.3d at 225; Clark, 2001 WL 1631538 at *3; see generally Rose v. Lundy, 455 U.S. 509, 518 (exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"). In Braden, the United States Supreme Court reiterated that absent "special circumstances," a pretrial detainee may not adjudicate the merits of an affirmative defense to a state criminal charge before a judgment of conviction has been entered by a state court. Braden, 410 U.S. at 489. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. Braden, 410 U.S. at 493.[1]

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED, as modified to the extent that the applicable exhaustion requirement is that judicially crafted for petitions filed under 28 U.S.C. § 2241 by persons in custody pending state criminal proceedings.

Anderson's motion to dismiss [docket no. 9] is GRANTED.

---

[1] *Motes v. Cornyn,* No.Civ.A.4:02-CV-790-Y, 2002 WL 31495972, at *2 (N.D.Tex. Nov. 5, 2002).

Ronnie Turner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

SIGNED January 31, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE